**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eduardo Gomez,<br><br>             Plaintiff,<br><br>v.<br><br>EOS CCA, et al.,<br><br>             Defendants. | No. CV-18-02740-PHX-JAT (DMF)<br><br>**ORDER** |

      Pending before the Court is Defendant EOS CCA's Motion to Dismiss Plaintiff's Complaint. (Doc. 43). Plaintiff Eduardo Gomez ("Plaintiff") has responded, (Doc. 56), and EOS CCA has replied, (Doc. 58). The Court now rules on the motion.

      This case arises out of Plaintiff's allegations that Defendants violated the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA"). (Doc. 6 at 1). Plaintiff asserts Defendants TransUnion and Equifax violated provisions of the FCRA that require such "consumer reporting agencies" to follow reasonable procedures to ensure maximal accuracy in consumer credit reports and to reinvestigate a nonfrivolous consumer complaint of an inaccuracy in his or her credit report. (*Id.* at 3–4). Plaintiff raises four FDCPA claims, levying them exclusively against Defendant EOS CCA. (*Id.* at 4). In the pending motion to dismiss, EOS CCA argues that Plaintiff's action against it must be dismissed because Plaintiff failed to timely serve it with the summons and complaint under Federal Rule of Civil Procedure ("Rule") 4(m) and this Court's order extending the time to effect service, (Doc. 26). (Doc. 43 at 1).

Under Rule 4(m), if a summons and complaint are not served on a defendant within 90 days after filing, a court shall either dismiss the action or, if the plaintiff shows good cause for the failure, direct that service be effected within a specified time.

> [G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1137 (4th ed. April 2020 Update). Rule 4(m) also permits a court to grant a discretionary extension even absent good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). A court abuses that discretion, however, when it fails to consider such factors as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Previously, this Court dismissed Plaintiff's action against EOS CCA after Plaintiff failed to respond to an order to show cause for not timely serving EOS CCA. (Doc. 21). Once Plaintiff responded to the order to show cause, (Doc. 25), the Court exercised its discretion to excuse his failure to timely serve EOS CCA and ordered him to "complete and return the service packet to the Clerk of the Court within 21 days" of June 10, 2019, (Doc. 26 at 2). Because Plaintiff is a pro se prisoner whose filings generally benefit from the mailbox rule, *see Douglas v. Noelle*, 567 F.3d 1103, 1106–07 (9th Cir. 2009), he had until July 1, 2019, to at least deliver the service packet to prison authorities in order to comply with the Court's order.

EOS CCA argues that Plaintiff's action against it must be dismissed again because the U.S. Marshal's process receipt form was signed on July 22, 2019. (Doc. 43 at 3–4). According to EOS CCA, the July 22 signature date necessarily means that Plaintiff could not have complied with the Court's order to return the service packet to the Clerk of the

Court within 21 days. A review of the Court's docket, however, reveals that the Clerk of the Court noted receipt of the service packet on July 22. Thus, contrary to EOS CCA's representation, that date does not necessarily represent the day Plaintiff completed the form. The Court acknowledges that the interval between July 1 and July 22 is not insignificant, nevertheless, the Court cannot definitively conclude that Plaintiff failed to deliver his service packet to prison authorities by July 1. It is clearly within the realm of possibility that Plaintiff completed his packet and handed it to prison authorities on or before July 1 and that the July 22 receipt date is attributable to those authorities' delay. Absent a contrary showing, the Court cannot exclude that possibility. Accordingly, given the mailbox rule, the Court cannot grant a motion to dismiss based on lack of timeliness.[1]

EOS CCA's motion seemingly makes much of the fact that that the U.S. Marshal did not serve Plaintiff's complaint until October 7, 2019. (Doc. 43 at 4). However, "an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff[s] should not be penalized" for their delays. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (emphasis omitted). Any such delays thus qualify, automatically, as good cause under Rule 4(m). *Armado v. Advanced Call Ctr. Techs.*, No. CV 10-1630-PHX-JAT, 2011 WL 906053, at *1 (D. Ariz. Mar. 16, 2011). Therefore, to the extent EOS CCA argues that the action against it should be dismissed on the basis that it was not served until October 7, that argument similarly misses the mark.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] In reply, EOS CCA asks the Court to treat Plaintiff's late response as consent to the granting of its motion under LRCiv 7.2(i). (Doc. 58 at 12). LRCiv 7.2(i), however, is expressly discretionary. The Court declines to exercise its discretion to grant a motion that seeks dismissal for a reason contrary to the record.

For these reasons,

IT IS ORDERED that the reference to the Magistrate Judge is withdrawn as to Defendant EOS CCA's Motion to Dismiss (Doc. 43).

IT IS ORDERED that Defendant EOS CCA's Motion to Dismiss (Doc. 43) is DENIED.

IT IS FURTHER ORDERED that Defendant EOS CCA shall file an answer—or other responsive pleading, if still timely—within 14 days from the date of this order.

Dated this 12th day of June, 2020.

*James A. Teilborg*
Senior United States District Judge