**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eduardo Gomez,<br><br>        Plaintiff,<br><br>v.<br><br>EOS CCA, et al.,<br><br>        Defendants. | No. CV-18-02740-PHX-JAT (DMF)<br><br>**ORDER** |

Pending before the Court are Defendants Trans Union LLC ("Trans Union") and Equifax Information Services LLC ("Equifax"; collectively, "Defendants") motions for summary judgment. (Docs. 46 & 47). Plaintiff Eduardo Gomez ("Plaintiff") has responded to Trans Union's motion, (Doc. 64), and Trans Union has replied (Doc. 66).[1] The Court now rules on the motions.

**I.    BACKGROUND**

As relevant here, this case concerns Plaintiff's allegations that Defendants violated the Fair Credit Reporting Act ("FCRA"). (Doc. 6 at 1). Broadly, Plaintiff asserted that Defendants violated the provisions of the FCRA that require "consumer reporting agencies" to follow reasonable procedures to ensure maximal accuracy in consumer credit reports and to reinvestigate a nonfrivolous consumer complaint of an inaccuracy in his or her credit report. (*Id.* at 3–4).

---

[1] Plaintiff has not responded to Equifax's motion. Because the Defendants' motions request summary judgment for overlapping reasons, the Court will consider Plaintiff's arguments with respect to both motions to the extent they are relevant.

Plaintiff's FCRA claims are based on his assertion that Defendants "continued to report information[, from an EOS CCA account,] that had bee[n] established was inaccurate when the plaintiff did not accept it a[s] true and all of the defendants failed to verify/validate the information." (Doc. 1 at 3). To support his claim, he provides a Trans Union credit report that lists an EOS CCA account's "pay status" as in collection. (*Id.* at 18). He also claims that neither of Defendants responded to any of his four requests for a reinvestigation of that information. (*Id.* at 2, 5). It appears, however, that since the Court's screening order Plaintiff has not developed discovery. (*E.g.,* Doc. 49-6 at 4 (noting Plaintiff's failure to depose even one Trans Union representative)). And, although Defendants previously offered to settle, that "offer is no longer open." (Doc. 70 at 2).[2]

## II. DISCUSSION

### A. Summary Judgment Standard

The Court must grant summary judgment under Federal Rule of Civil Procedure ("Rule") 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party asserting "that a fact cannot be or is genuinely disputed must support th[at] assertion by" either "citing to particular parts of materials in the record" or "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Thus, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant must first identify portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The burden then shifts to the non-movant to "designate 'specific facts showing that there is a genuine issue for trial.'"

---

[2] Given this, the Court will proceed to rule on Defendants' motions despite a pending settlement conference. Because that conference has already been continued several times, and because it appears Defendants are no longer willing to settle, the Court believes it highly unlikely the parties will settle at the conference.

Plaintiff's FCRA claims are based on his assertion that Defendants "continued to report information[, from an EOS CCA account,] that had bee[n] established was inaccurate when the plaintiff did not accept it a[s] true and all of the defendants failed to verify/validate the information." (Doc. 1 at 3). To support his claim, he provides a Trans Union credit report that lists an EOS CCA account's "pay status" as in collection. (*Id.* at 18). He also claims that neither of Defendants responded to any of his four requests for a reinvestigation of that information. (*Id.* at 2, 5). It appears, however, that since the Court's screening order Plaintiff has not developed discovery. (*E.g.,* Doc. 49-6 at 4 (noting Plaintiff's failure to depose even one Trans Union representative)). And, although Defendants previously offered to settle, that "offer is no longer open." (Doc. 70 at 2).[2]

## II. DISCUSSION

### A. Summary Judgment Standard

The Court must grant summary judgment under Federal Rule of Civil Procedure ("Rule") 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party asserting "that a fact cannot be or is genuinely disputed must support th[at] assertion by" either "citing to particular parts of materials in the record" or "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Thus, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant must first identify portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The burden then shifts to the non-movant to "designate 'specific facts showing that there is a genuine issue for trial.'"

---

[2] Given this, the Court will proceed to rule on Defendants' motions despite a pending settlement conference. Because that conference has already been continued several times, and because it appears Defendants are no longer willing to settle, the Court believes it highly unlikely the parties will settle at the conference.

*Id.* at 324 (citation omitted). "Only disputes over facts that might affect the outcome of the suit," and thus are material, "properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Such disputes are "genuine" when they can "reasonably be resolved in favor of either party." *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). The Court views all disputed facts in the light most favorable to the non-movant, *see id.*, but "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**B. FCRA Claims**

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Thus, the statute imposes on consumer-reporting agencies a panoply of procedural obligations and creates a private right of action for consumers to enforce compliance. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113–14 (9th Cir. 2017). In this case, the relevant obligations stem from 15 U.S.C. §§ 1681e(b) and 1681i. The first provision requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The second requires a credit reporting agency to conduct a "free and reasonable reinvestigation within thirty days of a consumer" alerting the agency of his or her dispute. *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (describing 15 U.S.C. § 1681i(a)(1)(A)).

Usually, a consumer reporting agency's liability under either section is a question of reasonableness that is left for the jury to resolve. *Id.* at 755–56. There is nothing for the jury to resolve, however, where the consumer fails to "make a 'prima facie showing of inaccurate reporting.'" *Id.* at 756 (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). Information in a credit report is "inaccurate . . . where it either

is 'patently incorrect' or is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id.* (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).[3]

Because Plaintiff bears the burden of proof on the question whether Defendants included inaccurate information on a credit report, he must produce at least some evidence to that effect in order to withstand summary judgment. As Defendants persuasively argue, however, he has failed to do so.[4]

Plaintiff counters the contention that he has presented no evidence of an inaccuracy by directing the Court to his complaint, claiming the attachments show an inaccuracy. True enough, Plaintiff attached an August 2017 Trans Union credit report showing an EOS CCA account reporting as in collection to his complaint. (Doc. 1 at 18). But absent from the complaint, his response to the motion for summary judgment, or the record as a whole, is any evidence or explanation showing why that listing is inaccurate. Instead, Plaintiff summarily concludes in his complaint that the information was "established []as inaccurate when [he] did not accept it as true." (*Id.* at 3).

Plaintiff cannot rely on that allegation alone to stave off summary judgment on his FCRA claims. The Ninth Circuit Court of Appeals has long maintained that "a consumer must *present evidence* tending to show that a credit reporting agency prepared a report containing inaccurate information" to make out a prima facie case of an FCRA violation. *Guimond*, 45 F.3d at 1333 (emphasis added). A consumer's personal opinion or speculation

---

[3] Before proceeding further, the Court is at pains to point out to Trans Union that its very first argument has, for years, been squarely rejected as contrary to clear to Ninth Circuit authority. *See, e.g.*, *Cairns v. GMAC Mortg. Corp.*, No. CIV-04-1840-SMM, 2007 WL 735564, at *3 (D. Ariz. Mar. 5, 2007) (citing *Guimond v. Trans Union Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). Trans Union's motion cites both *Cairns* and *Guimond* and, had its counsel read the entirety of those cases, would have realized how little merit this argument has and saved the Court's time—and client resources—pursuing it. While counsel may ethically advocate for a change in the law, counsel cannot ignore it.

[4] Plaintiff takes umbrage with Trans Union's suggestion that he conceded the information's accuracy by failing to timely respond to Trans Union's requests for admission. (Docs. 46 at 4; 64 at 2–3). Although the Court declines to adopt Trans Union's aggressive tack, what Plaintiff fails to grasp is that simply objecting to a movant's contentions does not suffice to create a genuine issue of material fact when the burden to prove the existence of that element is his.

is "insufficient to support a claim of inaccuracy under the FCRA." *Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 961 (E.D. Mich. 2016); *see also Sherfield v. Trans Union, LLC*, No. CIV-19-001-R, 2019 WL 3241176, at *3 (W.D. Okla. July 18, 2019); *Meeks v. Equifax Info. Sols., LLC*, No. 1:18-CV-0366-TWT-WEJ, 2019 WL 3521955, at *6 (N.D. Ga. May 14, 2019); *Bailey v. Equifax Info. Servs., LLC*, No. 13-10377, 2013 WL 3305710, at *5–6 (E.D. Mich. July 1, 2013). Although some of these authorities mention this principle in the context of a motion to dismiss, if a consumer's failure to explain or cite evidence showing an inaccuracy is fatal to an FCRA claim at that stage, it follows a fortiori that it is fatal at the summary judgment stage. Indeed, "mere allegation and speculation do not create a factual dispute for purposes of summary judgment," *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996), because any other conclusion would threaten to render Rule 56 nugatory, 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2712 (4th ed. Apr. 2020 Update); *see also Celotex Corp.*, 477 U.S. at 327 ("Rule 56 must be construed with due regard . . . for the rights of persons opposing . . . claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.").

Therefore, the Court concludes that Plaintiff fails to establish a genuine issue of material fact as to whether Trans Union included inaccurate information in a credit report. In the end, Plaintiff has only a Trans Union credit report listing the EOS CCA account, (Doc. 1 at 18), and asks the Court to take his word for it that the listing is erroneous. But Plaintiff cannot avoid summary judgment standing on only this unsupported allegation. He therefore "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial," *Celotex Corp.*, 477 U.S. at 322 (1986), and entry of summary judgment in Trans Union's favor is appropriate on this basis.

That conclusion is even clearer when it comes to Plaintiff's claim against Equifax. While Plaintiff attached an August 2017 Trans Union credit report to his complaint, he did not attach an Equifax credit report. Obviously, without any evidence relating to an Equifax

report there is also no evidence that the information in that report is inaccurate. Accordingly, the absence of any evidence of an inaccuracy also justifies entry of summary judgment in Equifax's favor.

Moreover, Plaintiff has provided neither evidence nor explanation of any procedures—whether used for ensuring accuracy in a credit report or in conducting a reinvestigation of that information—that Defendants employ. Such evidence is the sine qua non of any claim under §§ 1681e(b) and 1681i, which only prohibit unreasonable conduct. *See Guimond*, 45 F.3d at 1333 ("The FCRA does not impose strict liability . . . ."). Again, no jury could conclude that those procedures, or the reinvestigation, were unreasonable in the absence some sort of showing that they were not. What's more, the record evidence addressing this point tends to show that Defendants behaved reasonably. For example, both Defendants provide explanations of the procedures they employ to ensure accuracy of credit reports and their protocol for reinvestigations. (*See* Docs. 49-2 at 3–5 (explaining Trans Union's procedures and that EOS CCA nearly always provides facially credible information); 48-1 at 4–7 (explaining the same as to Equifax)). And Defendants both state that, after receiving Plaintiff's complaint about the EOS CCA listing, their investigation revealed that his "credit file did not contain an EOS CCA account." (Docs. 48-1 at 7; 49-4 at 2). On this record, Plaintiff's failure to adduce any evidence addressing reasonableness means that "only one conclusion about the conduct's reasonableness is possible," *Gorman*, 584 F.3d at 1157 (quoting *In re Software Toolworks Inc.*, 50 F.3d 615, 621 (9th Cir. 1994)), and that conclusion is that Defendants acted reasonably.

Accordingly, the Court will enter summary judgment in Defendants' favor.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III. CONCLUSION

Therefore,

IT IS ORDERED that the reference to the Magistrate Judge is withdrawn as to Defendants Trans Union LLC and Equifax Information Services LLC's Motions for Summary Judgment (Docs. 46 & 47).

IT IS FURTHER ORDERED that Defendants Trans Union LLC and Equifax Information Services LLC's Motions for Summary Judgment (Docs. 46 & 47) are GRANTED.

Because EOS CCA remains a Defendant to this action, the Clerk of the Court shall not enter judgment at this time.

Dated this 17th day of June, 2020.

James A. Teilborg
Senior United States District Judge