**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eduardo Gomez,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EOS CCA, et al.,<br><br>　　　　　Defendants. | No. CV-18-02740-PHX-JAT (DMF)<br><br>**ORDER** |

　　　Pending before the Court is Defendants Trans Union LLC and Equifax Information Services, LLC's (the "Moving Defendants") Motion for Entry of Final Judgment under Federal Rule of Civil Procedure ("Rule") 54(b). (Doc. 83). Plaintiff Eduardo Gomez ("Plaintiff") has not responded. The Court now rules on the motion.

　　　Plaintiff is a pro se prisoner who has brought claims against the Moving Defendants under the Fair Credit Reporting Act ("FCRA") and against Defendant EOS CCA ("EOS") under the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 79 at 1). In a prior order, the Court granted summary judgment in favor of the Moving Defendants on all claims against them because Plaintiff failed to produce evidence showing that the Moving Defendants (1) included inaccurate information in his credit report by listing an EOS account's "pay status" as in collection or (2) followed unreasonable procedures to ensure the accuracy of that information when they first received it or after Plaintiff requested a reinvestigation. (Doc. 80 at 3–6). In a different order, however, the Court denied EOS's motion to dismiss Plaintiff's claims against it for failure to execute service in a timely

fashion. (Doc. 79 at 3). Thus, after these orders, all of Plaintiff's claims against the Moving Defendants had been adjudicated, but all of the claims against EOS have yet to be resolved. The pending motion for entry of final judgment under Rule 54(b) soon followed.

When an action involves multiple parties, Rule 54(b) provides that a "court may direct entry of a *final judgment* as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is *no just reason for delay*." (emphases added). There is no question that the first component of the Rule is satisfied here; the Court's order resolving the Moving Defendants' Motion for Summary Judgment was an "'ultimate disposition of'" Plaintiff's FCRA claims against them. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Where there is a question, however, is whether there is "no just reason for delay."

This component of the Rule calls on the Court to consider two different inquiries. First, the Court must determine whether it is "the 'appropriate time'" to appeal. *Curtiss-Wright Corp.*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)). To do so, the Court must first assess "juridical concerns," such as "the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* at 10. Then, the Court exercises extraordinarily broad discretion to weigh the equities of the case before it. *Id.* at 10–11. "Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests 'is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals.'" *Wood*, 422 F.3d at 878 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

"Juridical concerns" counsel against granting Rule 54(b) certification, where the "legal right to relief stems largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts." *Wood*, 422 F.3d at 880. "A similarity of legal or factual issues will weigh heavily against entry of judgment under the [R]ule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result . . . ." *Morrison-Knudsen Co. v. Archer*, 655

F.2d 962, 965 (9th Cir. 1981). Indeed, due to its crushing caseload, the Ninth Circuit Court of Appeals simply "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood*, 422 F.3d at 882.[1]

The Moving Defendants argue in cursory fashion that Plaintiff's claim against them is separable from his claim against EOS, but Rule 54(b) certification is not appropriate in this rather routine case where the claims against the parties involve similar and overlapping facts. As noted, one reason that the Court granted summary judgment on Plaintiff's FCRA claims against the Moving Defendants was his failure to present any evidence showing their credit reports contained inaccurate information by listing an EOS account as in collection. (Doc. 80 at 4). Although Plaintiff's claim against EOS is at an early stage of factual development given EOS's relatively recent answer, the FDCPA statutes he seeks relief under concern themselves with the accuracy of debt collectors' representations concerning the status of any debt, including whether it is disputed. *See, e.g.*, 15 U.S.C. §§ 1692e(2)(A) (preventing a debt collector from using false, deceptive, or misleading misrepresentations about "the character, amount, or legal status of any debt"), 1692e(8) (forbidding "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed"), 1692e(10) (proscribing use of "any false representation or deceptive means to collect or attempt to collect any debt"), 1692g(b) (preventing collection of a disputed debt until the collector verifies it is valid and due). Thus, the accuracy of the information that EOS conveyed to the Moving Defendants is an important fact underlying both the FCRA claims and the FDCPA claims. The Moving Defendants' own prior motions show just how factually related these claims are—one of

---

[1] The Moving Defendants place an inordinate amount of weight on the fact that Plaintiff's claims against them arise under a different statute than are his claims against EOS. (Doc. 83 at 2). As these and other authorities make clear, the appropriate focus under Rule 54(b) is less on whether the claims might involve different legal concepts and more on whether claims arise from the same set of facts. *See, e.g.*, *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015); *First Amendment Coal. of Ariz., Inc. v. Ryan*, No. CV-14-01447-PHX-NVW, 2016 WL 4236373, at *2 (D. Ariz. Aug. 10, 2016) (denying Rule 54(b) motion because, inter alia, the First Amendment, Eight Amendment, and Due Process claims involved common and intersecting facts).

- 3 -

their arguments in favor of summary judgment was that they had relied on EOS to provide them with "accurate and reliable information regarding its accounts." (Doc. 46 at 9; *see also* Doc. 47 at 10). To enter final judgment under the circumstances would be present the Ninth Circuit Court of Appeals with different actors playing the same script.

When claims against multiple defendants involve overlapping facts, a Rule 54(b) certification should not generally be granted unless "counterclaims are involved that rise out of the same transaction or occurrence as the certified claim, or the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims." *Woods*, 422 F.3d at 881. While Plaintiff is pro se and raises several theories for relief, the underlying factual scenario is routine. Stated broadly, the operative factual issues are simply whether EOS accurately communicated information to the Moving Defendants about Plaintiff's debt and whether the Moving Defendants accurately reported the same. Thus, not only do the factual issues overlap, they are also mundane and routine.

In routine cases with overlapping factual issues, the Court may grant Rule 54(b) certification only when the movant has a "seriously important reason." *See Wood*, 422 F.3d at 882. That is, the party seeking a Rule 54(b) certification must show that their "pressing needs . . . for an early and separate judgment" outweigh the "costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket." *Morrison-Knudsen, Co.*, 655 F.2d at 965. Here, however, there has been no such showing. In fact, the Moving Defendants do not even explain why they will be prejudiced without immediate entry of judgment. Although they could be read to argue that Rule 54(b) codifies some sort of general presumption that parties will suffer harm if a judgment is not entered while claims against other defendants remain pending, such an argument would seriously misread the caselaw. Rather, because the liberalized joinder of claims and parties under the Rules "increased the *danger* of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before final judgment can be had," Rule 54(b) provides a tool for litigants to escape that danger should it come to pass.

*Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511–12 (1950) (emphasis added). That there is an increased danger of hardship, does not mean such hardship exists in every case and a contrary interpretation would conflict utterly with the historic policy against piecemeal appeals that Rule 54(b) preserves.

Moreover, and independent of the Moving Defendants' failure to articulate any seriously important reason to enter final judgment without delay, the Court finds that their situation is analogous to that of the plaintiff in *Wood* who did "not stand to gain or lose a significant amount of money unless the appeal is heard now rather than at the end of trial" and where the "[t]rial would be neither lengthy nor complex; it is a single plaintiff, single defendant case involving a discrete employment relationship that played out in a relatively short time among relatively few actors." 422 F.3d at 882. If the plaintiff in *Wood* lacked a sufficiently important reason to justify entry of a Rule 54(b) judgment, so too do the Moving Defendants. Accordingly, the Court will not enter a Rule 54(b) judgment at this time.

For these reasons,

IT IS ORDERED that the reference to the Magistrate Judge is withdrawn as to Defendants Trans Union LLC and Equifax Information Services LLC's Motion for Entry of Judgment under Rule 54(b) (Doc. 83).

IT IS FURTHER ORDERED that Defendants Trans Union LLC and Equifax Information Services LLC's Motion for Entry of Judgment under Rule 54(b) (Doc. 83) is DENIED.

Dated this 12th day of August, 2020.

James A. Teilborg
Senior United States District Judge